

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
- BROWNSVILLE DIVISION -

United States District Court
Southern District of Texas
ENTERED

NOV 2 4 1998

Michael N. Milby, Clerk of Court
By Deputy Clerk _____

| | | |
|---|---|---|
| SAN JUANITA Y. BENAVIDEZ, | § | |
| Plaintiff | § | |
| | § | |
| VS | § | CIVIL ACTION NO. B-97-166 |
| | § | |
| TLC ADULT DAY CARE CENTER, INC. | § | |
| and FRANK PAINTER AS OWNER OF | § | |
| TLC ADULT DAY CARE CENTER, INC., | § | |
| Defendant | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pending before the Court is Defendants TLC Adult Day Care Center, Inc. and Frank Painter's Motion to Dismiss Pursuant to Rule 4(m). (Docket No. 4). Plaintiff San Juanita Y. Benavidez has filed a Response to Defendants' Motion to Dismiss (Docket No. 6) and a Motion for Extension of Time for Service Pursuant to Fed. R. Civ. P. 4(m) (Docket No. 7). For the reasons set forth below, Defendants' Motion to Dismiss should be granted and Plaintiff's Motion for Extension of Time should be denied.

### BACKGROUND

Plaintiff San Juanita Benavidez ("Benavidez") was discharged by Defendant TLC Adult Day Care Center, Inc. ("TLC") on February 21, 1996. (Docket No. 1). On July 29, 1998, Benavidez filed this lawsuit in the United States District Court for the Southern District alleging age discrimination. (Docket No. 1). At the time this lawsuit was filed, Benavidez was *pro se* and failed to timely serve Defendants with a copy of the Complaint. (Docket No. 4). Benavidez allegedly believed that the Defendants would be automatically notified through the United States District Clerk. (Docket No. 6). Benavidez finally served

Defendants with a copy of the Complaint on October 7, 1998, four hundred and thirty-five (435) days after filing this suit in District Court. (Docket No. 4 & 6).

In response, Defendants filed a Motion to Dismiss Pursuant to Rule 4(m). (Docket No. 4). Defendants, in their Motion, argue that Benavidez' *pro se* status and ignorance of the rules is not good cause for failure to comply with the one hundred and twenty (120) day service requirement in Rule 4(m). (Docket No. 4). Further, Defendants allege that they had no actual notice of this suit prior to October 7, 1998, the time of service. (Docket No. 4).

On November 6, 1998, Benavidez filed her Response and a Motion for Extension of Time for Service through retained counsel. (Docket No. 6 & 7). In her Response, Benavidez alleges that she was unaware of the service requirements set forth in Rule 4 of the Fed. R. Civ. P. (Docket No. 6). Additionally, Benavidez contends in her Motion for Extension of Time that the Defendants have failed to show they have been prejudiced in any way by her failure to serve them timely, thus warranting additional time for service. (Docket No. 7).

On November 16, 1998, a Show Cause hearing was held before United States Magistrate Judge John Wm. Black. (Docket No. 3). At the hearing, Benavidez stated she believed that the clerk's office would automatically serve the Defendants. Upon being questioned by the court, Benavidez advised that her pleadings had been prepared by a legal secretary whose employer knew that this work had been done. (Docket No. 3).

## AUTHORITY AND RECOMMENDATION

Rule (4)m of the Federal Rules of Civil Procedure provides that a complainant must serve the defendant within one hundred and twenty (120) days of filing the suit to avoid dismissal. Fed. R. Civ. P. 4(m). However, Rule 4(m) allows a tardy complainant to escape the harsh consequences of dismissal by showing "good cause" for failing to timely perfect

service. Fed. R. Civ. P. 4(m). The 1993 amendments to Fed. R. Civ. P. 4(m) requires the court to extend the time when the movant shows good cause and grants the court discretion to extend the time to serve the defendant if the movant is unable show good cause for the delay in service. *1993 Notes of Adv. Comm. to FRCP 4(m).*

"Good cause," at a minimum, means excusable neglect. *Boltes v. Entex*, 158 F.R.D. 110, 112 (S.D.Tex. 1994)(citing *Boudett v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991). "The burden of establishing excusable neglect is upon the appellant even one proceeding *pro se.*" *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981). A plaintiff, however, may also be required to show that (1) the party to be served personally received actual notice of the lawsuit; (2) the defendant would not suffer any prejudice by the court extending the 120-day deadline; and (3) the plaintiff would be severely prejudiced if his complaint were dismissed. *Boltes*, 158 F.R.D. at 112.

The Fifth Circuit, in *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988), addressed facts similar to those set forth by Benavidez in her attempt to establish "good cause." In *Kersh,* the Plaintiff testified that he did not know service was his responsibility, but thought the clerk's office would "handle it." *Kersh,* 851 F.2d at 1512. The Court held that the right to proceed *pro se* does not exempt a party from compliance with relevant rules of procedural and substantive law. *Id.* "To hold that a *pro se* litigant's ignorance of Rule 4 excuses compliance with the rule would automatically excuse the failure to serve defendants timely." *Id.* The *pro se* status of a plaintiff does not constitute "good cause" for failing to effect service. *Systems Signs Supplies v. United States Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990).

Here, Benavidez has made no effort to explain her failure to comply with the service

requirements other than her unfamiliarity with the mechanics of service as a *pro se* litigant. As the Fifth Circuit has determined, Benavidez' *pro se* status and ignorance of the rules do not constitute "good cause" so as to avoid dismissal of her complaint. In addition, Benavidez fails to show that (1) the Defendants received actual notice of the lawsuit prior to October 7, 1998; (2) the Defendants would not suffer any prejudice by the court extending the one hundred and twenty (120) day deadline; and (3) Benavidez would be severely prejudiced if her complaint were dismissed. Therefore, Benavidez has failed to show "good cause" for her failure to comply with the requirements of Fed. R. Civ. P. 4(m).

For these reasons, IT IS THEREFORE **RECOMMENDED** that Plaintiff's Motion for Extension of Time for Service Pursuant to Fed. R. Civ. P. 4(m) be **DENIED** and Defendants' Motion to Dismiss Pursuant to Rule 4(m) be **GRANTED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996)

DONE at Brownsville, Texas, this 23rd day of November, 1998.

John Wm. Black
United States Magistrate Judge